## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Tracy L. Thomas,**

       **Plaintiff,**

**v.**                                                     **Case No. 10-2032-JWL**

**Delaware Highlands; Equi Management**
**Services, Ltd.; and Chateau Management, Inc.,**

       **Defendants.**

### <u>MEMORANDUM & ORDER</u>

Plaintiff filed suit against defendants alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. This matter is presently before the court on three motions primarily related to the undisputed fact that plaintiff has misnamed two defendants in her complaint. The defendant named as "Chateau Management, Inc." is, in fact, Chateau DHAL Management LLC and the defendant named as "Delaware Highlands" is, apparently, Delaware Highlands Assisted Living, LLC a/k/a Delaware Highlands Assisted Living Development, LLC.

Defendant Chateau DHAL Management LLC, then, has moved to dismiss plaintiff's complaint for a host of reasons on the grounds that Chateau DHAL Management LLC was not named in the EEOC charge, was not named in the complaint and has allegedly not been served. Plaintiff has responded to the motion to dismiss as well as filed a motion for leave to amend her complaint to correct the misnomer with respect to this defendant. Chateau DHAL Management LLC has not filed a reply in support of its motion to dismiss and has not responded in any respect

to the motion for leave to file an amended complaint. The court presumes, then, that the motion for leave is unopposed by Chateau DHAL Management LLC. D. Kan. Rule 7.4(b). Thus, the court denies the motion to dismiss filed by Chateau DHAL Management LLC and directs plaintiff to file her amended complaint no later than Monday, November 29, 2010. This complaint shall relate back to the filing of plaintiff's original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1).[1]

Defendant Delaware Highlands moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted on the grounds that "Delaware Highlands" is not a legal entity and, thus, plaintiff's attempt to sue this entity is "totally ineffective." This defendant asserts that dismissal is appropriate because any attempted service upon any other entity would fall outside the 120-day service period provided in Federal Rule of Civil Procedure 4(m). In response, plaintiff concedes that she may have made a technical mistake in naming the defendant, but that the correct legal entity participated in the EEOC proceedings and that authorized agents of the correct legal entity accepted service of the complaint and summons. She has filed a motion to amend her complaint to correct the name of this defendant. Defendant Delaware Highlands has not responded to the motion for leave to file an amended complaint and

---

[1]Chateau DHAL Management LLC has not shown that service has not been effected. It concedes that a copy of the complaint and summons was delivered to Gary Stark, the President of Chateau DHAL Management LLC. Nonetheless, it maintains that service is not proper because a copy of the complaint and summons was never mailed to Chateau DHAL Management LLC as required by Federal Rule of Civil Procedure 4(h)(1)(A) (permitting service in accordance with state law). Defendant, however, has not indicated that Rule 4(h)(1)(B) has not been satisfied and it appears that it has been.

the court presumes that it does not oppose the filing of an amended complaint to correct the name of this defendant. D. Kan. Rule 7.4(b). Defendant's motion to dismiss, then, is denied and plaintiff shall file her amended complaint no later than Monday, November 29, 2010. As noted earlier, the amended complaint shall relate back to the filing of the original complaint pursuant to Rule 15(c)(1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Chateau DHAL Management LLC's motion to dismiss (doc. 22) is **denied**; defendant Delaware Highlands' motion to dismiss (doc. 26) is **denied**; and plaintiff's motion for leave to file an amended complaint (doc. 31) is **granted**. Plaintiff shall file her amended complaint no later than **Monday, November 29, 2010.**

**IT IS SO ORDERED.**

Dated this 18th day of November, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge